IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-03196-NYW-MEH

CLARK'S CHERRY VILLA'S CONDOMINIUM ASS'N, INC.,

    Plaintiff,

v.

NATIONWIDE MUTUAL INS. CO., and
John Does 1-5,

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Michael E. Hegarty, United States Magistrate Judge**.

    Before the Court is Defendant's Motion to Dismiss. ECF 29. It is fully briefed. The Court finds that oral argument will not materially assist in its adjudication. For the reasons that follow, the Court respectfully recommends granting the Motion to Dismiss.

## BACKGROUND

    This lawsuit concerns Plaintiff's claim for property damage coverage under its insurance policy. Plaintiff alleges that Defendant undervalued the claim and has otherwise acted in bad faith handling the matter.

    For purposes of this ruling, the Court accepts as true the factual allegations—but not any legal conclusions, bare assertions, or conclusory allegations—that Plaintiff raises in its First Amended Complaint ("FAC"). ECF 28. *See generally Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (accepting as true a plaintiff's factual allegations for purposes of Fed. R. Civ. P. 12(b)(6) analysis).

    "Generally, the sufficiency of a complaint must rest on its contents alone." *Gee v. Pacheco,* 627 F.3d 1178, 1186 (10th Cir.2010). There are limited exceptions to this general rule by which a court may consider materials beyond the four corners of the complaint. *Id.* Two of

those exceptions are: "(1) documents that the complaint incorporates by reference [and] (2) documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Id*. A court may consider such documents without converting a motion to dismiss into a motion for summary judgment. *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006) (permitting a court to take judicial notice of facts that are a matters of public record). *See also N.E.L. v. Gildner*, 780 F. App'x 567, 571 (10th Cir. 2019). On that basis, the Court includes for consideration the insurance policy even though Plaintiff does not attach it to its FAC. The FAC nonetheless refers to the insurance policy, and it is otherwise central to Plaintiff's claims for relief. Defendant attaches the insurance policy to its Motion to Dismiss.

**I.     Alleged Facts**

Several underaged youths entered an area of Plaintiff's property and committed vandalism in September 2018. The property insurance policy was in effect at that time. ECF 28 at ¶ 11.

According to Plaintiff, "Scottsdale Insurance, an affiliate of Nationwide, issued a property and bodily injury policy to [it] covering [its property.] *Id*. at ¶ 10. Plaintiff describes Mutual Insurance Company as operating a family of affiliates and subsidiaries under the "Nationwide" business name and logo. *Id*. at ¶ 5. Scottsdale Insurance Company is one such "affiliate that issues insurance for Nationwide." *Id*.

This Court adds that the insurance policy, which is found in the record at ECF 29-1, contains references to both Nationwide and Scottsdale Insurance Company. The policy does not define who the insurer is. The policy says that "[t]he words 'we,' 'us' and 'our' refer to the company providing this insurance." *Id*. at 74. Defendant says that pages three and four of the policy (*id*. at 3-4) in turn identifies the company providing this insurance as the underwriter, Scottsdale Insurance Company, located at One Nationwide Plaza in Columbus, Ohio. However, those pages do not expressly state that Scottsdale is the policy's issuer. Elsewhere the policy indicates that

2

"[y]our insurance policy has been placed with a Nationwide insurance company." *Id*. at 119. The policy bears logos for both Nationwide and Scottsdale Insurance Company. It gives the website address of nationwideexcessandsurplus.com for customer service inquiries and claim reporting. *Id*.

Defendant contends that Scottsdale Insurance Company is the actual insuring party, not it. Plaintiff itself states that it reported the vandalism "to Scottsdale Insurance per the requirements of the policy." ECF 28 at ¶ 13. However, Defendant does not dispute the accuracy of the remainder of Plaintiff's pleading which indicates that all post-claim correspondence was with "Nationwide."

Plaintiff alleges that on November 30, 2018, "Doug Meyer of Nationwide" hired a third-party entity to prepare a claims report, and it estimated the damage repair cost to be $14,421.91. Nationwide issued a check for $13,421.91. *Id*. at ¶ 14. On December 28, 2018, Plaintiff informed Nationwide's adjuster that it rejected the offer and would be soliciting its own repair estimate.[1] *Id*. at ¶ 15.

Another Nationwide representative informed the Greenwood Village Police that it had paid Plaintiff for the property damage. Plaintiff regards that statement as untrue. Moreover, by doing so, Nationwide precluded Plaintiff's ability to recover restitution from the vandals in criminal court. *Id*. at ¶ 18.

Plaintiff asked Blue Ribbon Exteriors and Construction for a repair estimate.[2] It calculated the amount to be $225,594.13. *Id*. at ¶ 19. Plaintiff received no counteroffer from Nationwide.

---

[1] Defendant attaches to its Notice of Removal an estimate from Response Team 1 dated December 27, 2018 in the amount of $45,734.38 which it says Plaintiff had submitted to it. ECF 1 at ¶ 10; ECF 1-2. Plaintiff does not mention the Response Team 1 estimate.

[2] Plaintiff clarifies in its Response that of the overall $225,594.13 estimate total, $125,000 was allocated for vandalism repairs. ECF 43 at 4, ¶ 8.

3

Plaintiff commenced this lawsuit on September 24, 2021 in state court. Nationwide removed it on November 29, 2021.

## II.   Claims for Relief

Plaintiff proceeds on two theories of bad faith handling of its insurance claim. The first is brought under Colorado common law, and the second is brought under Colo. Rev. Stat. § 10-3-1115 and § 10-3-1116. Plaintiff complains that Nationwide refuses to pay the "claim in the full amount event though it is supported and valid," (*id*. at ¶ 21), but rather, it clearly is attempting to pay less than the claim is worth despite evidence that shows its offer to be insufficient (*id*. at ¶¶ 22-23). Plaintiff also contends that Nationwide did not conduct a thorough investigation into the damages resulting from the vandalism. *Id*. at ¶ 25. Also at issue is the report that Nationwide made to the police that Plaintiff says interfered with its ability to recover restitution from the vandals.

Plaintiff's Third Claim for Relief is for a declaratory judgment over the value of the claim which in substance appears to be a breach of contract claim over whether it has received the full benefit of its policy coverage. The Court notes that Plaintiff withdraws its breach of fiduciary duty theory which it had included in its Third Claim for Relief.

## LEGAL STANDARD

### I.   Fed. R. Civ. P. 12(b)(6)

The purpose of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of a plaintiff's complaint. *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts that allow "the court to draw the

4

reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. *Twombly* requires a two-prong analysis. First, a court must identify "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Iqbal*, 556 U.S. at 679–80. Second, a court must consider the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. If the allegations state a plausible claim for relief, then the claim survives the motion to dismiss. *Id.* at 680.

Plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *S.E.C. v. Shields*, 744 F.3d 633, 640 (10th Cir. 2014) (quoting *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012)). "The nature and specificity of the allegations required to state a plausible claim will vary based on context." *Safe Streets All. v. Hickenlooper*, 859 F.3d 865, 878 (10th Cir. 2017) (quoting *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011)). Thus, while the Rule 12(b)(6) standard does not require that a plaintiff establish a prima facie case in a complaint, the elements of each alleged cause of action may help to determine whether the plaintiff has set forth a plausible claim. *Khalik*, 671 F.3d at 1191.

However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The complaint must provide "more than labels and conclusions" or merely "a formulaic recitation of the elements of a cause of action," so that "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556

5

U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has made an allegation, "but it has not shown that the pleader is entitled to relief." *Id*. (quotation marks and citation omitted).

## ANALYSIS

I. **The Insuring Party**

Nationwide denies any contractual relationship with Plaintiff. To the contrary, it asserts that Plaintiff seeks benefits from "a policy underwritten and issued by Scottsdale." ECF 29 at 5. The language of the policy itself reasonably can be construed as consistent with Scottsdale's role as that of underwriter and issuer. In its Response, Plaintiff seemingly agrees that Scottsdale is the entity that issued the insurance policy. It describes its lawsuit as "aris[ing] out of an insurance policy issued by Scottsdale Insurance" (ECF 43 at 1), and it references "the fact [that] Scottsdale issued the insurance contract" (*id*. at n. 1).

Plaintiff's assertion of privity relies on Scottsdale's status as a Nationwide *affiliate*. Exactly what legal relationship that entails, such as whether Nationwide owns Scottsdale, is a question of fact that Plaintiff contends cannot be resolved with a Rule 12(b)(6) motion. However, even if the Court were to assume that Nationwide wholly owned Scottsdale, that does not necessarily make Nationwide the insuring party. The cases of *Krum v. Chubb Ltd*., No. 20-cv-03616-RM-GPG, 2022 WL 1558882 (D. Colo. Jan. 14, 2022) and *Slavin v. USAA Cas. Ins. Co*., No. 14-cv-01839-LTB-CBS, 2015 WL 514936 (D. Colo. Feb. 6, 2015) show how the existence of a corporate parent-subsidiary relationship and the subsidiary's use of a parent's name for marketing purposes does not necessarily impute insurer status on the parent entity.

Plaintiff also relies on the allegation that Nationwide acted as the administrator who handled the claim and was the party with whom it communicated about the claim dispute. Assuming as true that Nationwide in fact was the administrator for and the decision-maker on

6

Plaintiff's coverage claim likewise does not automatically convey upon it insurer status. Scottsdale can remain the sole insurer even if it assigns claim-handling responsibility to another. Instead, Scottsdale would be liable for any wrongdoing by Nationwide in how it handled the insurance claim on Scottsdale's behalf. In other words, how Nationwide processed the claim as administrator remains relevant to Plaintiff's theories of relief even if Scottsdale is the properly named Defendant.

The pleadings, record, and arguments do not indicate a plausible basis for regarding Nationwide as the insurer. Plaintiff itself anticipates the potential need of amending its complaint to add Scottsdale. ECF 43 at 4. This Court finds that Plaintiff should amend its complaint to name Scottsdale Insurance Company as the Defendant, but in Nationwide's place rather than in addition to it. This Court gives Plaintiff leave to make that amendment.

## II.    Other Alleged Defects with Plaintiff's Claims for Relief

Nationwide argues that Plaintiff commenced this civil action after the governing statute of limitations had run. It contends that Plaintiff's causes of action accrued on December 28, 2018 when it rejected Nationwide's payment offer, but it was over two-and-a-half years later, on September 24, 2021, when it filed suit. Nationwide furthers that Plaintiff does not plead a plausible bad faith claim under either the common law or statutory versions of the cause of action. Nationwide explains that it is challenging the merits of Plaintiff's claims on Fed. R. Civ. P. 1 grounds even though it is not the proper party Defendant.

It is premature at this juncture to determine the plausibility of Plaintiff's claims for relief. If Scottsdale Insurance Company is the proper party Defendant, then only it can make those arguments. Even if this Court were to consider Nationwide's merits arguments on Scottsdale's behalf (and rule in Nationwide's favor on them), this Court would disagree that this case should be dismissed *with prejudice*. Because this Court already is giving Plaintiff leave to name the correct

7

Defendant, it may use its anticipated Second Amended Complaint to address any other pleading concerns that Nationwide raises in its Motion to Dismiss.

## CONCLUSION

Accordingly, the Court recommends[3] that the Motion to Dismiss [filed June 6, 2022; ECF 29] be **granted in part** such that Plaintiff be given leave to file a Second Amended Complaint to replaces Nationwide with Scottsdale as the named insurer Defendant and to make any other changes to its claims for relief that Plaintiff determines are appropriate. However, the Motion should be **denied** to the extent Nationwide requests that this case be dismissed with prejudice at this juncture.

Respectfully submitted this 13th day of October, 2022, at Denver, Colorado.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge

---

[3] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court. *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). Finally, all parties must consult and comply with the District Judge's practice standards for any specific requirements concerning the filing and briefing of objections.